**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MELQUI DIAZ VELAZQUEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03297-SHL-cgc |

**ORDER GRANTING PETITION**

On September 30, 2026, Petitioner Melqui Diaz Velazquez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention as violative of his due process rights. (Id. at PageID 1, 6.) He seeks immediate release from Respondent's custody. (Id. at PageID 7.) Respondent responded on October 14. (ECF No. 9.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 15.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Mr. Diaz Velazquez, a citizen of Mexico, has resided in the United States continuously since 2002. (ECF No. 1 at PageID 2; ECF No. 9 at PageID 15.) He has been married since 2014. (ECF No. 11 at PageID 32.) He and his wife have three daughters who are United States citizens, one of whom serves in the United States Army. (Id.) He is the primary financial support for his family. (Id. at PageID 33.) Mr. Diaz Velazquez suffers from type two diabetes and requires treatment to maintain his condition. (Id.) He attends Iglesia de Dios Evangelico Completo Church in Memphis,

where he served as a deacon, cooks for the church, and maintains church offerings. (Id.)

According to Respondent, Petitioner was arrested by immigration officials after being released from the Shelby County Detention Center in Memphis, where he was detained following an arrest for domestic assault. (ECF No. 9 at PageID 15.) The I-213 form, attached to Respondent's Response, includes a criminal record search conducted by immigration officials following Petitioner's arrest, showing two incidents where he was arrested for driving violations in 2014, and two incidents where he was arrested for domestic assault in 2023 and 2026. (ECF No. 9-2 at PageID 25.) But it does not appear that Petitioner was charged for the assault on either occasion. (Id.) Since his ICE arrest, he has been detained at the West Tennessee Detention Facility. (ECF No. 9 at PageID 16.) He seeks immediate release. (ECF No. 11 at PageID 30.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 9 at PageID 15.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 16.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that

liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 23rd day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE